on behalf of the appellant. I'd like to begin with the confession issue, if I may. I think if the court does nothing else, it needs to remand this case to the trial court for a hearing on whether the defendant's confession was improperly admitted at the trial. There's evidence that there was, in fact, a dual stage. Well, there seems to have been conflicting evidence on when the Miranda Warner was with the evidence, so what's the problem? There is, indeed, conflicting evidence on that, Your Honor. But the district court never took up that issue directly. In this case, the – and, in fact, the evidence is not entirely – Was it obligated to? I think it is – I think this court, under a plain error analysis, should take up that issue because there is now plain authority in this circuit on that issue saying that a trial court must suppress a post-warning confession obtained during a deliberate two-step interrogation, at least where the mid-interrogation Miranda warning is thereby rendered ineffective. I think in this case – And I think what I think troubles me the most was the judges proceeding with the trial and ignoring the motion to withdraw. I mean, on what basis – I'm going to ask this of the government – on what basis did the judge conclude that he would have gone forward even if offered another attorney? I think that was pure speculation, Your Honor, on the part of the judge. Did I not understand your question correctly? I believe that the judge was just speculating on that account. The only evidence that we have is the trial attorney's statements in the motion and before the court that he'd been totally unable to communicate with the defendant during, I think, the three occasions prior to trial when he attempted to. The defendant just stared blankly into space, refused to assist at all in the preparation of the defense, refused apparently to consider any – the settlement offer at all. Obviously, all the circumstances regarding the nature of the confession that the defendant testified to at trial was new to the attorney in hearing it for the first time. We just don't know, I think, Your Honor, what the defendant would have done if new counsel had been appointed. Or if it had been offered as an alternative. It was offered – unless I'm misunderstanding your question, there was a motion first for the competency evaluation. And then that was at the calendar call about a week before trial. And then on the day of trial, there was the motion to withdraw. Yes, but there was no offer by the judge, unless I don't have the full record, that directly said to him, do you want to go forward, or if I give you another lawyer, you think you could communicate better with that lawyer? No, you're correct, Your Honor. The defendant was never asked those sorts of questions. He was simply asked by the judge, in essence, you know, do you understand what the proceedings are and do you want to go forward? Okay. Are there any other questions that the Court would like to address? There aren't. And if you want to reserve the rest of your time, we can do that. Thank you, Your Honor. Thank you. Good morning. May it please the Court, I'm Gregory Gamm representing the United States in this matter. From the Court's questions, it appears that the real issue of concern. It's my issue. I don't speak. No, it's the Court's issue. That issue concerned me greatly as well, and I believe it's intertwined with the request for a psychiatric examination, that the two issues seem to be combined. A combined problem with this particular defendant, based upon the fact that the defendant was not communicating with his client, defense counsel asked for a psychiatric exam. And the government agreed. Within a matter of moments, the defendant asked whether or not he could say something and indicated to the Court that he didn't want a psychiatric exam. All he wanted to do was to go to trial. Well, that may take care of the psychiatric exam question, since the concern that counsel was expressing was essentially that this guy was catatonic, and since he got up and was perfectly lucid, there was pretty good evidence that he wasn't catatonic. But leaving that aside, what does that do on the withdrawal motion? I believe, from reviewing the record, that the trial court relied upon its earlier discourse with the defendant with respect to the lawyer. But he had no discourse with him regarding his relationship with his lawyer. He had a discourse with him regarding whether he wanted to go to trial, but the only thing he said at the earlier point about the lawyer was certainly didn't suggest that it was something to the effect of he's got a problem, I don't. He can step down and they can put someone else up there and they can do a better job, which suggests that he really did have a problem with this lawyer, not simply with any lawyer. I agree. The argument about the prior discussion about competency doesn't help you in my view because lots of defendants don't like to be accused of being nuts in common language and therefore, you know, didn't want to get involved in that process. But the process of deciding whether he could have reasonable representation, that was an entirely separate issue. And as far as I can see, unless you can cite something I'm missing, it wasn't explored at all by the district judge. You're absolutely correct. And that request was given very short shrift by the trial court due to the timing of the request. The request came on the first day of trial. And using the factors of the district judge in this instance, this happens lots of times. It's happened to me. And it's not a strange issue to me either. And quite frankly, we generally are very accommodating to defendants and they get oftentimes one or more. I have what I call the one free change of a lawyer. But here it's more important. I mean, really, there was absolutely no questioning of this guy. Look, is it you want to go forward or you're just having a problem with this lawyer and if I give you another lawyer, will you be able to communicate with that lawyer? That's correct. And this issue was troubling to me as well. When I read the opening brief, it was... So why are you not troubled now or does the government, seriously, does the government just want to confess error at this point and we don't need to decide anything? Well, let me just make a couple of comments. You can confess error on the part of the court and not your own. I appreciate that. And I really do believe that the trial court made the right decision in this case. Defense counsel indicates initially with respect to the incompetency issue that the defendant had a total psychotic breakdown. They mentioned this at page 7 of their opening brief. Nothing of the sort really happened. Exactly. That's why the two have nothing to do with each other. Right. What the defendant was mad and he didn't get along with his attorney. I'll grant you that. But if you look at the entire record, there was a – there appears to be a reconciliation that the defendant had with his attorney. There's one point in the record where the defendant – where defense counsel says I'm making some progress, will you give me some extra time to talk to the defendant during the break? Yes, but we have case law specifically saying that you don't look at it post hoc that way. You look at it in terms of what was true at the time. And in this instance, there was just not one sentence of inquiry made. The judge said nothing to this man. Like, you know, what's the problem here? Nothing. I haven't seen a case like that. I will not belabor the Court with any additional argument. If that's the feeling of the Court, the record is what it is. And if this Court feels that the defendant was denied effective assistance of counsel, then the appropriate – But quite seriously. I mean, one of the admirable things about the U.S. Attorney's Office as often is that you do look at a case like this and say, whoops, there really was a mistake. And don't bring the Court with it. And I'm a little disturbed about why that wasn't done. On the other hand, they don't want to look like they're selling out to the district judge. We're in a tough position. We do represent the Court. And believe me, my interest is to see that justice was done. And that's when I look at the entire record. I don't come away with a – I mean, there's no – there was no injustice done to him in that sense in terms of the ultimate guilt of innocence. But really, the process here is that the man had representation that's meaningful. Now, maybe he really did want to go to trial and he was going to get a – even if the judge offered him. But I don't know what he would have said. And I don't know either. I'd simply be speculating. I mean, perhaps the wisest thing would have been to just acquiesce and appoint another attorney to see if personalities would mesh better and they'd be able to work together. Now, if he gets, as you indicate, the one free bite at the apple and it doesn't work out, then perhaps the trial judge would have been justified in going forward. But there's also the fact that even with regard to the timing, the judge had earlier at the time of the competency hearing contemplated putting off the trial. And even after they decided to go forward, he was going to put off the trial, and then they didn't put off the trial. So it didn't look like the timing of that trial, you know, one week later, was all that important. No, I'd agree. I mean, in the overall scheme of things, whether or not this case went to trial or at that particular time or didn't go to trial. Was it some two-month trial that had been scheduled forever? I mean – No, it lasted two days. Right. So it's not a great way to – Well, thank you so much. And thank you for your forthrightness. Thank you. Your Honors, I don't want to snatch victory from the jaws of the team. Or the other way around. So I think unless you have any specific questions for me – There was a judge in Seattle where I practiced for many years who would say, well, don't shoot a dead duck twice. I'm sure that's good advice. One of my colleagues recently gave an appellate advocacy talk in which his main advice was keep quiet. I'm going to heed that advice then, Your Honor. Thank you.
judges: B. Fletcher, Berzon, Trager